UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 95-cr-0468-AGS |
| Plaintiff, | **ORDER DENYING MOTION TO EXPUNGE (ECF 58)** |
| v. | |
| Eleno GUTIERREZ-TAPIA, | |
| Defendant. | |

Defendant Eleno Gutierrez-Tapia seeks expungement of "all official records" from this case because he has "complied with the period of supervised release" and completed his sentence. (ECF 58, at 1–2.) That request is denied.

"Although 'expungement' may mean different things in different states, in general when a defendant moves to expunge records, she asks that the court destroy or seal the records of the fact . . . ." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004). The Ninth Circuit has "recognized two sources of authority by which courts may expunge records of criminal conviction: statutes and our inherent authority." *Id.* Gutierrez-Tapia does not identify any applicable statute or explain how he would fit into the requirements of any of them, so that route is foreclosed. (*See generally* ECF 58.)

And the Court's "inherent authority to expunge criminal records" is only available "in appropriate and extraordinary cases." *Crowell*, 374 F.3d at 793. That authority is very limited. Critically, "district courts do not have the power to expunge a record of a valid arrest" "solely for equitable concerns." *Id.* Instead, "a district court's ancillary jurisdiction is limited to expunging the record of an *unlawful* arrest or conviction, or to correcting a clerical error." *Id.* (emphasis added); *accord Fazaga v. FBI*, 965 F.3d 1015, 1055 (9th Cir. 2020), *rev'd on other grounds by* 595 U.S. 344 (2022) ("In short, expungement relief is available under the Constitution to remedy . . . alleged constitutional violations."). But the only basis Gutierrez-Tapia identifies is that he's completed his sentence without issue, not

1

that any constitutional violations occurred. So, the Court cannot wield its inherent authority to provide the relief he seeks. As a result, the expunction motion is **DENIED**.

Dated:  July 10, 2026

_____

Andrew G. Schopler
United States District Judge

95-cr-0468-AGS